RECEIVED
IN LAFAYETTE, LA.

MAR 1 3 2014

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO: |
| | * | |
| | * | 18 U.S.C. § 371 |
| | * | 18 U.S.C. § 1343 |
| | * | 7 U.S.C. § 2024(b) |
| | * | 42 U.S.C. § 1760(g) |
| VERSUS | * | 18 U.S.C. § 982(a)(2) |
| | * | 7 U.S.C. § 2024(f) |
| | * | 42 U.S.C. § 1786(p) |
| | * | |
| KIMBERLIA HARRIS (01) | * | |
| ANGELA WOODS (02) | * | |
| OLMPIA HARRIS, aka | * | |
| OLYMPIA HARRIS (03) and | * | 3:14-cr-00051-01, 02, 03, 04 |
| WILLIE MAE JACKSON-WOODS (04) | * | JUDGE JAMES |
| | * | MAGISTRATE JUDGE HAYES |

**INDICTMENT**

**THE GRAND JURY CHARGES:**

**COUNT 1**

**CRIMINAL CONSPIRACY**
**18 U.S.C. § 371**

A.   INTRODUCTION

At all times relevant to this Indictment:

     1.   Dee's Grocery Store (Dee's) was a small neighborhood grocery store located at 2801 Renwick Street, Monroe, Louisiana.

     2.   KIMBERLIA HARRIS was the registered owner and operator of Dee's.

     3.   ANGELA WOODS was an employee and manager at Dee's.

     4.   OLMPIA HARRIS, a.k.a., OLYMPIA HARRIS was an employee at Dee's.

-1-

5. WILLIE MAE JACKSON-WOODS was an employee at Dee's.

## SUPPLEMENTAL NUTRITION ASSISTANCE PROGRAM

6. The United States Department of Agriculture (USDA), Food and Nutrition Service (FNS) sponsors, supervises, and oversees the Supplemental Nutrition Assistance Program (SNAP), a federal government program formerly known as the Food Stamp Program. SNAP helps qualifying individuals and families buy food.

7. SNAP benefits are similar to United States currency in that SNAP recipients can purchase food from grocery retailers at the face value of their SNAP benefits. In most states, SNAP benefits are provided to recipients on an Electronic Benefits Transfer (EBT) card that is used like a bank Automated Teller Machine (ATM) card. In Louisiana, recipients receive their SNAP benefits through Electronic Benefit Transfers (EBT). The SNAP recipients in Louisiana receive an EBT card known as the Louisiana Purchase card.

8. From on or about December 1997 continuing to on or about June 2010, the SNAP redemption aspect of the Louisiana Purchase card system was operated under contract by the Automated Clearing House (ACH), J.P. Morgan Chase located in Elk Grove, Illinois. Beginning on or about June 2010 and continuing to the present date, the SNAP redemption aspect of the Louisiana Purchase card system was operated under contract by Automated Clearing House (ACH), State Enterprise Solutions located in Valrico, Florida.

9. Grocery retailers participate in SNAP only with the authorization of USDA-FNS. Authorized retailers may only accept and redeem SNAP benefits in exchange for the sale of eligible food items. Retailers may not exchange SNAP benefits for cash or any other ineligible items of value such as tobacco products or alcoholic beverages.

10. During the authorization process, retailers that participate in SNAP are informed of the prohibitions against accepting SNAP benefits for anything other than eligible food items and are also notified of the sanctions for prohibited activities, including possible criminal prosecution.

11. Authorized retailers are required to report to USDA-FNS changes from the initial application: specifically dollar amounts of food sales and the percentage of those food sales expected to be SNAP sales, inventory categories, actual inventory stock and size of the store, as well as changes of the store location, name, and ownership.

12. Individuals residing in Louisiana apply for SNAP benefits through a SNAP application form. Once eligibility is determined by the state's Economic Stability Section, the recipient is then issued an EBT card. Recipient's monthly SNAP benefits are transferred onto their EBT card on a certain day of the month. The specific pre-determined monthly SNAP allotment is transferred onto the card each month for the period of authorization determined by the state. In order for Louisiana SNAP recipients to access their electronic benefits to purchase food, they are required to present their Louisiana Purchase card to a USDA-FNS authorized grocery retailer. Unauthorized retailers cannot accept EBT cards. The Louisiana Purchase cards can only be processed by a point-of-sale (POS) terminal designed to accept those EBT cards. After manually entering the information on the EBT card or swiping the EBT card through the POS terminal, the SNAP recipient enters a personal identification number (PIN) into the machine's keypad.

13. Once a SNAP transaction has been completed, the POS terminal records the EBT card account number, the date and time of the transaction, the amount debited from the recipient's SNAP card, and the amount of benefits remaining on the card. A two-sheet receipt is

printed from the POS terminal of which one copy is provided to the recipient and one copy kept as an official record for the authorized retailer.

14. On or about July 11, 2008, KIMBERLIA HARRIS, the owner and operator of Dee's completed a SNAP Application for retail stores (Form FNS-252) on behalf of Dee's to be an authorized retailer in SNAP.

15. On or about August 5, 2008, FNS authorized Dee's to participate in SNAP as a retailer.

## WOMEN INFANT AND CHILDREN PROGRAM

16. The USDA also sponsors the Special Supplement Nutrition Program for Women Infant and Children called WIC.

17. Pursuant to the Child Nutrition Act of 1966, 42 U.S.C. § 1786 et. seq., WIC provides infants and children less than five years of age and pregnant, breast feeding, and postpartum women with nutritious food. WIC is sponsored and funded by the USDA, but is administered in Louisiana by the Louisiana Department of State Health and Hospital Services (DHHS).

18. To qualify as a WIC recipient, the applicant's income must not exceed 185% of the federal poverty income guidelines.

19. In the state of Louisiana, recipients of WIC benefits receive a voucher at state designated health clinics.

20. The voucher lists the food items that the recipients can obtain from participating grocery vendors (vendors).

21. Vendors are retail stores authorized to participate in the WIC program upon application into program and execution of a WIC Vendor Agreement. Vendors sign contracts

indicating that they will comply with all the rules and regulations of the WIC program. Authorized vendors in the WIC program are permitted to accept and redeem WIC benefits only in the connection with the sale of eligible WIC items. They are not authorized to accept WIC benefits for ineligible items or from other retailers.

22. Since about 1996, Solutran has been the contracting agency to process the WIC vouchers for the Louisiana DHHH. Solutran coordinates with the Public Health Automated Management Enabler (PHAME) system that maintains the participants' name, identification numbers, the maximum value of the Food Instruments (FI), and the date indicating the eligibility period in which an instrument can be used. All of this information is printed on the vouchers, which is given to the participant at a clinic visit.

23. During the authorization process, grocery vendors that participate in WIC are informed of the prohibitions against providing items to WIC recipients that are not specifically listed on the voucher. In the state of Louisiana, authorized grocery vendors must attend annual training regarding the rules and regulations for the administration of the WIC program, which is sponsored by the DHHS.

24. When a WIC recipient presents a voucher to an authorized grocery vendor, the vendor accepts the voucher and provides the recipient the items specified on the voucher at no charge to the WIC recipient. During the transaction, the grocery vendor places the sales total on the voucher, which represents the total sales amount for the items listed on the voucher. To redeem the vouchers, the vendor deposits the vouchers into a bank account designated to receive payment. The bank forwards the vouchers to Solutran via paper presentment or through an image exchange file. Solutran coordinates with DHHS to verify the recipient's eligibility and food items listed on the voucher. Once Solutran receives verification from DHHS, Solutran authorizes

DHHS to electronically transfer funds to the vendor's designated bank account for WIC redemption.

25. On or about August 8, 2008, KIMBERLIA HARRIS, as the owner and operator of Dee's, submitted a WIC Vendor Application and Agreement on behalf of Dee's to be an authorized grocery vendor in the WIC program.

26. On or about December 10, 2008, DHHS approved the WIC Vendor Application and Agreement.

B. SCHEME TO DEFRAUD

27. Beginning on or about August 2008, and continuing until the present, in the Western District of Louisiana, defendants, KIMBERLIA HARRIS, ANGELA WOODS, OLMPIA HARRIS, a.k.a., OLYMPIA HARRIS, and WILLIE MAE JACKSON-WOODS, devised, intended to devise, and knowingly participated in a scheme to defraud and obtain money from the SNAP and WIC programs by means of materially false and fraudulent pretenses, representations, and promises.

C. THE CONSPIRACY

28. Beginning on or about August 2008 and continuing until the present, in the Western District of Louisiana and elsewhere, the defendants, KIMBERLIA HARRIS, ANGELA WOODS, OLMPIA HARRIS, a.k.a., OLYMPIA HARRIS, and WILLIE MAE JACKSON-WOODS, and other persons known and unknown to the Grand Jury, did knowingly conspire and agree together to commit offenses against the United States, in violation of Title 7 United States Code, Section 2024(b) (SNAP Fraud), Title 42 United States Code, Section 1760(g) (WIC Fraud), and Title 18, United States Code, Section 1343 (Wire Fraud).

D.  OBJECT OF THE CONSPIRACY

29.  The object of the conspiracy was for the defendants to profit financially by exchanging SNAP and WIC benefits for lesser amounts of cash, and by allowing SNAP and WIC benefits to be used to purchase ineligible items, such as, but not limited to, cigarettes.

E.  MANNER AND MEANS OF THE CONSPIRACY AND SCHEME TO DEFRAUD

30.  It was part of the conspiracy and the scheme to defraud that defendants, KIMBERLIA HARRIS, ANGELA WOODS, OLMPIA HARRIS, a.k.a., OLYMPIA HARRIS, and WILLIE MAE JACKSON-WOODS, engaged in transactions and purchases with SNAP recipients to allow these customers to purchase ineligible food items such as tobacco with their Louisiana Purchase EBT cards.

31.  It was further part of the conspiracy and scheme to defraud that defendants, KIMBERLIA HARRIS, ANGELA WOODS, OLMPIA HARRIS, a.k.a., OLYMPIA HARRIS, and WILLIE MAE JACKSON-WOODS, engaged in fictional transactions and purchases with SNAP and WIC customers in order to obtain the monetary value of the customers' SNAP and WIC benefits in exchange for cash in amounts less than the face value of the SNAP and WIC benefits.

32.  It was further part of the conspiracy and scheme to defraud that defendants, KIMBERLIA HARRIS, ANGELA WOODS, OLMPIA HARRIS, a.k.a., OLYMPIA HARRIS, and WILLIE MAE JACKSON-WOODS, caused money for redemptions from fraudulent SNAP and WIC transactions to be credited to the bank accounts of Dee's, to wit: Regions Bank (Regions), account numbers XXX9017 and XXX9062, Chase Bank (Chase), account number XXX6090, and Capitol One Bank (Capitol One), account number XXX6005, for which

–8–

KIMBERLIA HARRIS had signatory authority.

33. It was further part of the conspiracy and scheme to defraud that defendants, KIMBERLIA HARRIS and ANGELA WOODS, withdrew sums of cash from checking accounts XXX9017 and XXX9062 at Regions Bank, XXX6090 at Chase, and XXX6005 at Capitol One to use in paying customers directly in exchange for SNAP and WIC benefits.

34. It was further part of the conspiracy and scheme to defraud that defendants, KIMBERLIA HARRIS, ANGELA WOODS, OLMPIA HARRIS, a.k.a., OLYMPIA HARRIS, and WILLIE MAE JACKSON-WOODS, engaged, participated, joined, and aided and abetted each other in the scheme that from on or about August 2008 and continuing to the present, fraudulently acquired funds of approximately $7,000,000.00 .

F.    OVERT ACTS

The allegations in Counts 2-12 are alleged and incorporated as though fully set forth herein as separate overt acts.

All in violation of Title 18 United States Code, Section 371. [18 U.S.C. § 371].

### COUNTS 2-7

### SNAP FRAUD
### 7 U.S.C. § 2024(b)

The allegations set forth in Count 1 are incorporated and alleged as though fully set forth herein as the scheme to defraud.

On or about the dates set forth below, in the Western District of Louisiana, the defendants, KIMBERLIA HARRIS, ANGELA WOODS, OLMPIA HARRIS, a.k.a., OLYMPIA HARRIS, and WILLIE MAE JACKSON-WOODS knowingly used, transferred, acquired and possessed SNAP benefits, to wit, food stamp benefits, authorization cards and access devices of

a value of $100.00 or more, in a manner contrary to Chapter 51 of Title 7, United States Code, in that United States Department of Agriculture (USDA) SNAP benefits totaling the amounts specified in the table below were acquired by the defendants, KIMBERLIA HARRIS, ANGELA WOODS, OLMPIA HARRIS, a.k.a., OLYMPIA HARRIS, and WILLIE MAE JACKSON-WOODS, in exchange for cash in the amounts specified in the table below, and other ineligible items such as tobacco, which was prohibited by statute and regulations governing SNAP.

| COUNT | DATE | SNAP BENEFITS ACQUIRED | MONEY OR INELIGIBLE ITEM GIVEN IN EXCHANGE |
|---|---|---|---|
| 2 | September 8, 2011 | $255.40 | Cigarettes, $120.00 |
| 3 | September 21, 2011 | $213.12 | Cigarettes, $120.00 |
| 4 | January 11, 2012 | $200.38 | Cigarettes, $120.00 |
| 5 | March 1, 2012 | $200.38 | Cigarettes, $120.00 |
| 6 | April 30, 2012 | $196.00 | Cigarettes, $120.00 |
| 7 | May 31, 2013 | $151.02 | Cigarettes, $80.00 |

All in violation of Title 7, United States Code, Section 2024(b) and Title 18, United States Code, Section 2. [7 U.S.C. § 2024(b) and 18 U.S.C. § 2].

## COUNTS 8-11

## WIRE FRAUD
## 18 U.S.C. § 1343

The allegations in Count 1 are incorporated and alleged as though fully set forth herein as the scheme to defraud.

On or about the dates listed below in the Western District of Louisiana, the defendants, KIMBERLIA HARRIS, ANGELA WOODS, OLMPIA HARRIS, a.k.a., OLYMPIA HARRIS, and WILLIE MAE JACKSON-WOODS, for the purposes of executing the aforesaid scheme to obtain money by false and fraudulent pretenses, representations, and promises, caused to be transmitted by means of wire communication in interstate commerce the writings, signs, signals and sounds described below for each count, each transmission constituting a separate count.

| COUNT | DATE OF WIRE TRANSMISSION | SNAP BENEFITS ACQUIRED | EBT CARD NUMBER |
|---|---|---|---|
| 8 | September 8, 2011 | $255.40 | 5044-7600-1319-6205 |
| 9 | January 11, 2012 | $200.38 | 5044-7600-1319-6205 |
| 10 | March 1, 2012 | $200.38 | 5044-7600-1319-6205 |
| 11 | May 31, 2013 | $151.02 | 5044-7600-1319-6239 |

All in violation of Title 18, United States Code, Sections 2 and 1343. [18 U.S.C. § 2 and 18 U.S.C. § 1343].

## COUNT 12

## WIC FRAUD
## 42 U.S.C. § 1760(g)

The allegations in Count 1 are incorporated and alleged as though fully set forth herein.

From on or about August 2008 to the present, in Western District of Louisiana, the defendants, KIMBERLIA HARRIS, ANGELA WOODS, OLMPIA HARRIS, a.k.a., OLYMPIA HARRIS, and WILLIE MAE JACKSON-WOODS, did knowingly and intentionally embezzle, willfully misapply, steal, and obtain by fraud funds, assets, and properties with an aggregate value in excess of $100.00 that were the subject of funds provided under the Child Nutrition Act of 1966.

All in violation of Title 42 United States Code, Section 1760(g) and Title 18 United States Code, Section 2. [42 U.S.C. § 1760(g) and 18 U.S.C. § 2].

## NOTICE OF FORFEITURE
## 18 U.S.C. §982(a)(2), 7 U.S.C. § 2024(f), and 42 U.S.C. § 1786(p)

A.	The allegations contained in all counts of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2), Title 7 United States Code, Section 2024(f), and Title 42 United States Code, Section 1786(p).

B.	As a result of committing violations under 18 U.S.C. §§ 371 and 1343, all defendants shall forfeit to the United States of America pursuant to 18 U.S.C. § 982(a)(2) any property constituting, or derived from, proceeds the defendants obtained directly or indirectly, as the result of such violations.

C.	As a result of committing violations under 7 U.S.C. § 2024(b), all defendants shall forfeit to the United States of America pursuant to 7 U.S.C. § 2024(f):

  (1) all property, real and personal, used in a transaction or attempted transaction, to commit, or to facilitate the commission of such violations; and

  (2) any proceeds traceable to such violations.

 D. As a result of committing violations under 42 U.S.C. 1760(g), all defendants shall forfeit to the United States of America pursuant to 42 U.S.C. § 1786(p):

  (1) all property, real and personal, used in a transaction or attempted transaction, to commit, or to facilitate the commission of such violation; and

  (2) all property, real and personal, constituting, derived from, or traceable to proceeds obtained directly or indirectly from the commission of such violation.

 E. The property referred to in paragraphs B, C, and D above includes, but is not limited to, the following:

  (1) Money Judgment

At least $7,097,149.42 and all interest and proceeds traceable thereto, in that such sum in aggregate is property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the foregoing offenses alleged in this Indictment.

  (2) Bank Accounts

   (a) any and all funds associated with Regions Bank accounts numbers XXX9017, XXX9062, XXX1334, and XXX0699;

   (b) any and all funds associated with Chase Bank account number XXX6090; and

   (c) any and all funds associated with Capital One Bank account numbers XXX6005, XXX5726, and XXX5189.

F. If any of the property described above, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third party;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek to forfeit any other property of the defendant up to the value of the property subject to forfeiture.

A TRUE BILL:

**REDACTED**

STEPHANIE FINLEY
United States Attorney

EARL M. CAMPBELL
Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, Louisiana 71101